## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEBRA CARBTREE, as Guardian Ad Litem of JEREMY HAYS,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 26-CV-082-GLJ** |
| **ACADIA HEALTHCARE COMPANY, INC., ACADIA MANAGEMENT COMPANY, LLC, and ROLLING HILLS HOSPITAL, LLC,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendants' Special Appearance and Motion to Stay and Tax Costs Per Fed. R. Civ. Proc. 41(d) and Brief in Support (Renewed from State Court Proceedings) [Docket No. 10]. Plaintiff, Debra Crabtree's, as Guardian Ad Litem of Jeremy Hays, initiated this action in state court in Pontotoc County, Oklahoma against the above-named Defendants.[1] Defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *See* Docket No. 2 ("Notice of Removal"). Defendants now seek to recover some of their costs incurred in the previous litigation and have the case stayed until such costs are paid by Plaintiff. For the reasons set forth below, the Defendants' Motion [Docket No. 10] is DENIED.

---

[1] As set forth in more detail below, this case has a complicated procedural history that is relevant to the issues addressed herein.

**Procedural Background**

Plaintiff originally filed personal injury claims on behalf of Mr. Hays on April 1, 2021, in district court in Oklahoma County, Oklahoma, Case No. CJ-2021-1409 ("Original Case"). *See* Docket No. 33, p. 5. For over three years, the parties actively litigated the Original Case, including engaging in substantial and voluminous discovery, conducting fifteen depositions, securing eight scheduling orders, exchanging witness and exhibit lists, and identifying expert witnesses. *See* Docket No. 10, p. 3. On June 11, 2025, Plaintiff voluntarily dismissed the Original Case without prejudice pursuant to 12 O.S. § 684(A). *Id*., p. 4. Shortly thereafter, Plaintiff, in conjunction with other plaintiffs, filed a new case in the district court in Pontotoc County, Oklahoma, Case No. CJ-2025-188 ("Consolidated Case"). *Id*. In addition to Plaintiff and Defendants from the Original Case, the Consolidated Case included additional plaintiffs asserting different claims against the same Defendants as in the Original Case along with some additional new defendants. *Id*. Within the Consolidated Case, Plaintiff asserted the same claims against Defendants that she asserted in the Original Case. *See* Docket No. 33, p. 6.

Shortly after the Consolidated Case was filed, some or all the defendants therein moved to sever the claims into four separate cases. *See* Docket No. 10, p. 4. On March 16, 2026, the Pontotoc District Court issued an order severing the four combined lawsuits. *Id*., Ex. 9. The present case was then refiled on March 23, 2026, Case No. CJ-2026-64 ("Severed New Case"), which contains the same Plaintiff, the same Defendants and the same claims as the Original Case. *See* Docket No. 2, Ex. 2. On March 23, 2026,

Defendants removed the Severed New Case to this Court based on diversity jurisdiction. *See* Docket No. 2.

At the time Defendants sought to sever the Consolidated Case, they also moved to stay and tax costs pursuant to 12 Okla. St. § 684(D). *See* Docket No. 10, p. 2. The Consolidated Case Court took Defendants' motion to stay and tax costs under advisement. *Id*., Ex. 9. After removal, Defendants renewed their motion to stay and tax costs pursuant to Fed. R. Civ. P. 41(d). *Id*.

**Analysis**

**I.    Legal Standard**

Rule 41(d), provides:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Thus, "[t]o obtain an award of fees and costs, 'the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed action.'" *Lyons v. Dish Network L.L.C.*, 2013 WL 5637992, at *1 (D. Colo. Oct. 15, 2013) (quoting *Warnick v. Dish Network LLC*, 2013 WL 1151884, at *6 (D. Colo. Mar. 19, 2013) (quoting *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006)). The decision whether to impose costs and fees under

Rule 41(d) is in the discretion of the court. *Id*. (citing *Meredith v. Stovall*, 216 F.3d 1087, 2000 WL 807355, at *1 (10th Cir.2000) (unpublished table opinion)). "The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *Oteng v. Golden Star Resources, Ltd.*, 615 F.Supp.2d 1228, 1240 (D. Colo. 2009) (quoting *Meredith*, 2000 WL 807355, at *1). "No showing of bad faith is required before costs may be imposed on the plaintiff under Rule 41(d), but the plaintiff's motive in dismissing the prior action may be taken into account." *Id*. (citing *Wason Ranch Corp. v. Hecla Mining Co.*, 2008 WL 906110, at *17 (D. Colo. Mar. 31, 2008)).

Although Rule 41(d) has important purposes like deterring forum shopping and vexatious litigation, as well as preventing attempts to gain a tactical advantage by dismissing and refiling the suit, *see Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020) (collecting cases), other rules, such as Rule 11 of the Federal Rules of Civil Procedure and the court's inherent authority, are available to address the same type of litigation conduct. *Glovebox Technologies Inc. v. Da Cruz*, 2025 WL 316559, at *4 (D. Colo. Jan. 28, 2025).

## II.    Defendants' Motion Tax Costs

Defendants seek an order taxing costs in the amount of $6,902.81 for various deposition and copying costs under Fed. R. Civ. P. 41(d). *See* Docket No. 10. Defendants' counsel's affidavit states specifically that the requested costs "were reasonably incurred by Defendants in the four cases that were previously pending in Oklahoma County, and for which Defendants request the Court tax as costs to these four (4) Plaintiffs and/or their

counsel pursuant to terms of 12 O.S. § 684(D)." *Id.*, Ex. 11. at ¶ 4.  Moreover, although Defendants do not need to show bad faith on the part of Plaintiff, Defendants argue Plaintiff's dismissal of four cases in Oklahoma County district court and combining them in the Consolidated Case in Pontotoc County evinces vexatious conduct and the appearance of forum-shopping. *Id.*, p. 8.  In response, Plaintiff argues that the Court should decline to exercise its discretion to award costs because the depositions will be useful in this case and Defendants failed to provide sufficient detail supporting the copying costs. *See* Docket No. 34.

After carefully evaluating the procedural history of this case and reviewing the affidavit supporting the cost request, the Court respectfully declines to exercise its discretion to award the requested costs.  First, Defendants make no showing that the requested costs are for matters that will not be useful in this case. *See*, *e.g.*, *Lyons*, 2013 WL 5637992, at *1; *Esquivel v. Arau*, 913 F.Supp. 1382, 1387 (C.D. Cal. 1996) ("[I]t is clear that defendants have incurred needless expenditures as a result.  Thus, an award under Rule 41(d) is appropriate.").  The requested deposition and copying costs appear on their face to be the type of matters that will be useful in litigating this case going forward. Second, it is unclear whether the costs for the requested depositions are related exclusively to this case, as opposed to any of the three other cases combined in the Consolidated Case as referenced in counsel's affidavit. *See* Dockt No. 10, Ex. 11. at ¶ 4.  Moreover, Defendants recovered some portion of their costs in two cases previously part of the Consolidate Case. *See* Docket No. 38, p.3.  There is nothing in counsel's affidavit or

Defendants' Motion indicating that those already recovered costs are different from the costs sought in this matter. Third, although Defendant argues Plaintiff's conduct was vexatious and demonstrates forum-shopping, it does not seek any fees or costs related to the actions directly related to the Consolidated Case and Severed New Case. *See Oteng*, 615 F.Supp.2d at 1240 ("The purpose of the rule is to . . . secure . . . payment of costs for prior instances of such vexatious conduct."). Indeed, the outcome might well be different if Defendants were seeking fees and costs related to severing the Consolidated Case as opposed to depositions and copying costs incurred in the Original Case. Of course, nothing in this order prevents a prevailing party from seeking costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1920-24 at the conclusion of the case.

Lastly, because the Court declines to tax the requested costs, the Court declines to stay the case.

### CONCLUSION

Accordingly, as set forth herein, Defendants' Special Appearance and Motion to Stay and Tax Costs Per Fed. R. Civ. Proc. 41(d) and Brief in Support (Renewed from State Court Proceedings) [Docket No. 10] is DENIED.

DATED this 2nd day of June, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**